UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: Joan M. Quick, | Bankruptcy No. 09-B-09018 |
| Debtor. | Adversary No. 09-A-01228 |
| State Farm Bank, FSB, | Chapter 7 |
| Plaintiff | Judge Manuel Barbosa |
| v. | |
| Joan M. Quick, | |
| Defendant | |

## MEMORANDUM OPINION

In order for a creditor to receive an exception from discharge under 11 U.S.C. § 523(a)(2)(A), a creditor must show that (1) the debtor made a false representation or omission, (2) that the debtor (a) knew was false or made with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which the creditor justifiably relied. Ojeda v. Goldberg, 599 F.3d 712, 716-17 (7th Cir. 2010). Ms. Quick has either admitted or is deemed to have admitted facts demonstrating each of these elements, and therefore it is appropriate to enter summary judgment in favor of State Farm.

State Farm filed a certificate of service demonstrating that it served Ms. Quick with a set of Requests to Admit pursuant to Fed. R. Civ. P. 36 (made applicable by Fed. R. Bankr. P. 7036) on March 31, 2010. Pursuant to Rule 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Ms. Quick has never requested this Court to extend the time to file a response, nor have the parties stipulated to any such extension. Instead, Ms. Quick simply served answers almost 6 months beyond the deadline, on or about October 20, 2010. As of 30 days after service, therefore, Ms. Quick was deemed to have admitted each matter for which admission was sought, and since she

1 of 4

"has not sought and obtained permission from the Court to withdraw or amend the deemed admissions," they remain admissions, including for purposes of a motion for summary judgment. Silverman v. Merce (In re Silverman), No. 98-B-37764, 98-A-02064, 1999 WL 326328 (Bankr. N.D. Ill. May 18, 1999) (citing United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir.1987)).

Based on the effect of Rule 36(a), Ms. Quick is deemed to have admitted the following:

- She executed a promissory note and security agreement in favor of State Farm on or about March 8, 2007, together with a loan application, for a loan of $479,099.45. (Request to Admit, ECF No. 34, Ex.5, ¶¶1-2, 4-6).
- She falsely represented that the loan would be secured by a new 2006 Kingsley Coach Excalibur 4500 motor home (the "RV"), which would be purchased with the proceeds of the loan. (Request to Admit, ECF No. 34, Ex.5, ¶¶3, 8).
- The RV did not exist, and Ms. Quick knew the proceeds of the loan would not be used to purchase such RV. (Request to Admit, ECF No. 34, Ex.5, ¶¶9-10).
- In this way, Ms. Quick conspired with her boss, Rusty Ott, to defraud State Farm of the proceeds of the loan. (Request to Admit, ECF No. 34, Ex.5, ¶14).
- Ms. Quick knew that without the misrepresentations in the loan application, she would not have been able to procure the loan from State Farm, and State Farm justifiably relied on Ms. Quick's misrepresentations. (Request to Admit, ECF No. 34, Ex.5, ¶¶11-12).

In accordance with the loan application, which listed Mr. Ott's business, ProSource Motorsports, which was also Ms. Quick's employer, as the "Dealer/Seller" of the RV, the proceeds of the loan were paid to ProSource Motorsports. (Def.'s Resp. to Plaintiff's Statement of Facts ¶30, Oct. 10, 2011, ECF No. 38; Pl.'s Statement of Material Facts, Ex.1, Ex.7, Aug. 11, 2011, ECF No. 34).

Based on the actual and deemed admissions of Ms. Quick, State Farm has conclusively established that it is entitled to summary judgment under Section 523(a)(2)(A), and that there is no genuine issue of material fact. Ms. Quick offers no real defense. She states without any evidentiary support and in contravention of her deemed admissions that she did not supply the false VIN number for the RV listed in the loan application, and speculates, "Did [the bank's agent] supply the false VIN number?" (Defendant's Memo. of Law, Oct. 11, 2011, ECF No.

41). Even construing the question as an allegation, such an unsupported allegation is not enough to defeat a motion for summary judgment, much less overcome a judicial admission. See, e.g., Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010) (non-moving party for a motion for summary judgment is "required to marshal and present the court with ... evidence on which a reasonable jury could rely").

She next notes the fact that it was her boss, Mr. Ott, who benefited from the fraud in which she participated, not her. But that is not a defense. There is no requirement in Section 523(a)(2) that the debtor must receive the proceeds of the fraudulently induced loan or must directly benefit from the loan. See, e.g., Muegler v. Bening, 413 F.3d 980, 983 (9th Cir. 2005) (noting that while in the past some courts had found that a debtor "must have received a direct or indirect benefit from his or her fraudulent activity," in light of the Supreme Court's ruling in Cohen v. de la Cruz, 523 U.S. 213 (1998), "we should not read requirements like receipt of benefits into § 523(a)(2)(A) and ... the discharge exceptions protect fraud victims rather than debtors"); 3 Norton Bankr. L. & Prac. 3d §57:15 ("The better view is that the debtor need not personally benefit."). Court's have frequently found the obligations of co-debtors or guarantors non-dischargeable under Section 523(a)(2) where such co-debtor or guarantor made intentional misrepresentations to induce a lender into lending money to another. See, e.g., Fieldcrest Cannon, Inc. v. Meyer (In re Meyer), No. 97-1135, 1197 WL 659832 (7th Cir. Oct. 14, 1997) (upholding bankruptcy court's finding that debtor's guarantee of debt to corporation was non-dischargeable under Section 523(a)(2)(B) because of his fraudulent misrepresentations); see also, McClellan v. Cantrell, 217 F.3d 890, 895 (7th Cir. 2000) (refusing to read into Section 523(a)(2) a requirement that "the transferor be the victim of the fraud").

Since Ms. Quick has neither asserted a valid defense nor proffered any evidence to

contest State Farm's well-supported factual allegations, Ms. Quick has failed to identify any genuine issue of material fact. For the foregoing reasons, summary judgment will be entered in favor of State Farm. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: January 26, 2012

The Honorable Manuel Barbosa
United States Bankruptcy Judge